IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| LESLIE AVANT,<br>　　　Plaintiff,<br><br>vs.<br><br>EAST TEXAS MEDICAL CENTER,<br>　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br>CASE NO. _____<br>JURY TRIAL REQUESTED |

---

**PLAINTIFF'S ORIGINAL COMPLAINT**

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Plaintiff, LESLIE AVANT, complaining of EAST TEXAS MEDICAL CENTER, and files this Original Complaint alleging the following:

**I.**

**PARTIES**

1.01   Plaintiff, LESLIE AVANT, is an adult citizen of Texas.

1.02   Defendant, EAST TEXAS MEDICAL CENTER, is a Texas corporation with its principal place of business in Tyler, Texas, and may be served with citation by serving its registered agent, Elmer G. Ellis, at 1000 South Beckham St., Tyler, Texas 75701.

## II.

## JURISDICTION

2.01 The jurisdiction of this Court is invoked regarding the following causes of action or statutes:

1. <u>The Family and Medical Leave Act</u>, 29 U.S.C. §§ 2601 et seq., hereinafter the "FMLA." At the time of his termination, as hereinafter referred to and at all times relevant to this suit, Plaintiff had worked for Defendant for at least 12 months and at least 1250 hour during the prior 12 months for Defendant in the state of Texas. At all times pertinent to this suit, Defendant employed at least 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year, which employees were located within a 75 mile radius of the office from which Plaintiff's work was assigned.

2. <u>Employee Retirement Income Security Act</u>, 29 U.S.C. § 1140, hereinafter "ERISA." At the time of his termination, Defendant administered an employee benefit plan and Plaintiff was a participant in that plan. Defendant took adverse action against Plaintiff for exercising his rights under this ERISA plan.

3. <u>Supplemental Jurisdiction</u>. Plaintiff requests that this Court exercise its supplemental jurisdiction over Plaintiff's breach of contract claim under authority of 28 U.S.C. § 1367. Plaintiff's breach of contract claim depends upon many of the same facts as the other federal claims.

2.02 Venue of this suit is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant resides in this district. Venue of this suit is also proper in this district under 29 U.S.C. § 11140 (e)(2) because the ERISA plan is administered in this district and because Defendant resides or may be found in this district.

## III.

## FACTUAL BACKGROUND

3.01    Leslie Avant began working at East Texas Medical Center ("ETMC") in 2006, and was a good, productive employee. Despite his good work record, ETMC contrived an excuse to terminate Avant after he sustained an on-the-job injury causing Avant to miss several weeks of work on medical leave and requiring ETMC to pay medical expenses and lost wage benefits pursuant to ETMC's employee benefits plan. As detailed below, the treatment of Avant and his subsequent termination by ETMC violated state and federal laws, and caused Avant to suffer and incur significant damages.

3.02    On February 13, 2010, Avant was working as a paramedic for ETMC in Waco, Texas. During his response to an emergency call, Avant had lawfully stopped the emergency vehicle at the scene of an accident with the vehicle's flashing lights in operation. As Avant was in the process of exiting the vehicle, a speeding driver slammed into the rear of the emergency vehicle severely injuring Avant. During the collision, Avant suffered a severe blow to his kidneys and other parts of his body. He was later diagnosed with acute kidney injury and acute renal failure and had an extended stay in the hospital, and lost significant time from work for his injuries. As a result of this on the job injury, ETMC was required to pay substantial amounts to and/or for the benefit of Avant in medical expenses and lost wages.

3.03    Avant returned to work in April 2010. Upon his return, he was informed by another ETMC employee that he needed to be careful because he had been off work for a while and was costing ETMC a lot of money. Avant also noticed that he received "cold shoulder" treatment from his supervisors following his return, which is something he had never experienced prior to his on-

the-job injury, costly medical expenses and lost wages, and time away from work. Even though Avant returned to work, he remained under the care of a physician concerning the injuries he sustained in the motor vehicle accident. In August, 2010, while in the course of his paramedic duties for ETMC, Avant was struck in the groin area by a stretcher. This event aggravated an existing injury stemming from the February motor vehicle accident. When Avant contacted his field supervisor and reported the incident/injury, he was initially told, "Don't be a pussy!" Nevertheless, Avant sought medical treatment. Avant's medical provider conducted an ultrasound and took Avant off work for the next several weeks.

3.04   When Avant returned to work on October 4, 2010, he asked his supervisor, Dale Yates, if he could attend CEs (continuing education classes) on October 6 and 7. Yates said "No, we are short staffed. I need you to work." When Avant informed Yates that he needed the required CEs, Yates told him "don't worry about it, we will work something out." Approximately ten days later, Avant again inquired about the CEs and was again told by Yates not to worry about it, that several employees had missed and more CEs would be rescheduled in Waco. Yates also said that several employees had missed CEs because they did not know about the scheduling of the CEs and the old clinical director had screwed all the days up. In addition, Yates expressly told Avant, "Don't worry about it, we're not going to fire you." Less than three weeks later, James Stefka, Director of Operations, called Avant into his office and terminated him. The purported reason given was Avant's failure to complete CEs. Tellingly, Avant had never received any disciplinary warnings or reprimands during his four year employment with ETMC and had an exemplary record.

3.05   Following his termination, Avant has continued to require medical treatment and testing for his work-related injury. ETMC has refused to authorize payment for such required

medical treatment and testing and/or unreasonably delayed approval of same. Such conduct by ETMC has caused Avant to suffer additional damages and mental anguish and has had a detrimental effect on his recovery and in his obtaining needed medical treatment.

## IV.

## CAUSES OF ACTION/DAMAGE

## ERISA VIOLATION

4.01 Defendant violated 29 U.S.C. § 1001, *et. seq.*, Employee Retirement Income Security Act, ("ERISA"). ERISA prohibits an employer from discharging or otherwise discriminating against a "participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." 29 U.S.C. § 1140. ERISA forbids Defendant from taking any adverse action against an individual, such as Plaintiff, for exercising his rights under an ERISA plan—adverse action that, in fact, Defendant has taken. Section 1140 consists of two components: (1) an anti-retaliation component, which prohibits an employer from retaliating against an employee for exercising ERISA rights; and (2) an anti-interference component, which prohibits an employer from interfering with an employee's future rights to benefits.

4.02 The benefits paid for or for the benefit of Avant were paid from the general assets of ETMC, making it a self-funded plan. ETMC management knew of Avant's extended hospital stay and Avant's continuing problems which required medical attention and resulted in significant and ongoing expenses. ETMC discouraged Plaintiff's use of the benefit plan, Plaintiff received cold treatment following his use of the plan, and Plaintiff was warned by an employee to be careful about costing ETMC a lot of money under the plan. ETMC ultimately discharged Avant, which constitutes

retaliation for Avant's usage of the ERISA plan, and which constitutes interference with Avant's future rights to benefits. Due to Defendant's actions, Plaintiff suffered the injuries and damages for which he seeks recovery.

### VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT

4.03   Defendant's action in discharging Plaintiff constitutes discrimination against Plaintiff under the FMLA. The FMLA prohibits an employer, such as Defendant, from interfering with, restraining, or denying the exercise of any rights provided by said law, and the regulations, or from discharging an employee because of instituting any proceeding under said law.

4.04   Plaintiff alleges that Defendant violated both his prescriptive and proscriptive rights under the FMLA by the actions described in above, and by retaliating against him for exercising his rights under the FMLA, when it used the taking of leave for his serious medical condition(s), as part or all of the reason for discharging him.

4.05   ETMC employed Avant for at least 12 months and for at least 1,250 hours of service during the previous 12-month period. In addition, ETMC engages in commerce or in an industry or activity affecting commerce and employs 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year. The FMLA entitled Avant to 12 work weeks of leave because of a serious health condition that made Avant unable to perform the functions of his position. The FMLA regulations state that "[a]n employer is prohibited from discriminating against employees…who have used FMLA leave," and "employers cannot use the taking of FMLA leave as a negative factor in employment actions…." 29 C.F.R. §825.220(c).

4.06    ETMC intentionally interfered with and/or denied the exercise of rights provided under the FMLA by discharging Avant. That is, ETMC retaliated against Avant because of the medical leave he took following his on-the-job injury. Further, even if ETMC's purported reason for terminating Avant were true (i.e., failure to complete continuing education classes), the primary reason Avant was unable to attend continuing education classes ("CEs") was because the CEs were held while he was on medical leave. As such, ETMC punished Avant for taking medical leave.

## BREACH OF CONTRACT

4.07    Avant sought to attend CEs on October 6 and 7 but was told by his supervisor to work and not to attend CEs because ETMC was short-staffed. Avant's supervisor expressly told him not to worry about it, that other employees had missed CEs as well, and that he would not be terminated for his failure to attend CEs. Shortly thereafter, ETMC terminated Avant's for the purported reason that he failed to complete the required CEs. Such conduct and express statements by management at ETMC clearly constitutes an agreement that modifies the at-will employment relationship, i.e., that Avant would not be terminated for failing to attend CEs, as described above. Also, to the extent that the above-described failure to complete CEs violates or allegedly violates any policy of ETMC in any manner, ETMC has expressly waived any such policy as to Avant, and a clear exception has been made to such policy with regard to Avant. Accordingly, ETMC breached its agreement and contract with Avant when ETMC terminated Avant's employment on or about November 9, 2010. Therefore, Avant will seek the recovery of all damages flowing from the breach of this agreement, including but not limited to the damages as detailed above, and also the necessary attorneys' fees incurred by him.

## V.

## DAMAGES

5.01   As a result of the above, Plaintiff has lost past and future wages and benefits of employment.

5.02   Further, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

5.03   Plaintiff hereby sues for reimbursement of said damages to the full extent allowed by the above recited statutes and/or applicable law.

5.04   Plaintiff additionally seeks reinstatement to his former position.

## VI.

## LIQUIDATED DAMAGES

6.01   Defendant's wrongful action in terminating Plaintiff was done knowingly, intentionally, with malice and/or recklessly in violation of Plaintiff's rights. Defendant failed to act in good faith and has intentionally violated the FMLA and, as such Plaintiff will be entitled to the recovery of—in addition to the damages described above—an award of liquidated damages equal to the sum of any wages, salary, employment benefits lost to Avant by reason of an FMLA violation, as authorized under the FMLA.

## VII.

## ATTORNEY'S FEES

7.01   Plaintiff has also had to employ an attorney to vindicate his rights under the law, and seeks reasonable and necessary attorneys' fees.

## VIII.

## DEMAND FOR JURY TRIAL

8.01   Plaintiff hereby respectfully demands a trial by jury of all claims and issues in this cause.

## PRAYER

WHEREFORE, Plaintiff requests the Defendant be cited to appear and answer, and that on final hearing Plaintiff be awarded damages, as stated above, in an amount within the jurisdictional limits of the Court, reinstatement, costs of court, and such other relief, both at law and in equity, as Plaintiff may be justly entitled.

Respectfully submitted,

_____
Michael L. Scanes
State Bar No. 17701000
Scanes, Routh & James, LLP
7901 Fish Pond Road, Suite 200
P. O. Box 20965
Waco, Texas  76702-0965
(254) 399-8788
(254) 399-8780 Fax

ATTORNEYS FOR PLAINTIFF